UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTONY STEVE SALVADOR MELGAR,<br><br>                    Petitioner,<br><br>       -against-<br><br>ORANGE COUNTY NY CORRECTION<br>FACILITY, et al.,<br><br>                    Respondents. | Case No. 1:26-cv-01807 (JLR)<br><br>**<u>MEMORANDUM OPINION AND<br>ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

Petitioner Antony Steve Salvador Melgar, who has been detained by immigration authorities since on or about February 18, 2025, petitions for a writ of habeas corpus under 28 U.S.C. § 2241.  *See* Dkt. 1.  Petitioner contends that his detention is unlawfully prolonged and seeks release.  *Id.* at 3.  The Government represents that Petitioner had an initial bond hearing wherein the Petitioner bore the burden of demonstrating he was not a danger to the community or a flight risk, and the Immigration Judge determined that he did not meet that burden, Dkt. 5 at 2; *see also* Dkt. 5-2.

By Order entered March 5, 2026, the Court scheduled a conference for April 9, 2026, and directed Respondents to submit a letter by March 9, 2026, addressing, among other things, whether there is any basis to distinguish this case from *J.C.G. v. Genalo*, No. 24-cv-08755 (JLR), 2025 WL 88831 (S.D.N.Y. Jan. 14, 2025) and, if not, whether Respondents would consent to issuance of the writ — subject to preservation of Respondents' arguments for appeal.  *See* Dkt. 3.

On March 9, 2026, Respondents filed their letter.  *See* Dkt. 5.  That letter states that "the Court can resolve [this matter] without further briefing" and "without further hearing."  *Id.* at 2-3.  More specifically, Respondents concede that "[t]here is no legal basis to distinguish this case from this Court's decision in *J.C.G. v. Genalo*," *id.* at 2, and that "the holding of that case would

1

control the result in this case, should the Court adhere to it," *id.*  Indeed, Respondents concede

that Petitioner here "has been detained for longer than the petitioner in *J.C.G.*," and they submit

that "the is appropriate relief is to order the Government to provide Petitioner with a new bond

hearing at which ICE would bear the burden by clear and convincing evidence of establishing

flight risk or danger to the community, which would be consistent with the relief ordered by the

Court in *J.C.G.*"  *Id.*  The Court adheres to its decision in *J.C.G.*  Accordingly, and in light of

Respondents' concessions (recognizing that they "preserv[e] [their] arguments for appeal," *id*. at

1), the Petition for the writ of habeas corpus is GRANTED.

By **March 24, 2026,** the immigration court must either (1) hold a bond hearing at which

the government bears the burden of proving, by clear and convincing evidence, that Petitioner is

a danger to the community or a flight risk, or (2) release Petitioner.  In determining whether to

grant bond, the immigration judge shall consider the availability of alternative conditions of

release; in determining the amount of any bond imposed, the immigration judge shall consider

the Petitioner's ability to pay.

The conference scheduled for April 9, 2026, is hereby canceled as moot.  The Clerk of

Court is respectfully directed to CLOSE this case.

Dated: March 10, 2026
      New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge